UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 2, 2013

LETTER TO COUNSEL:

    RE:    *Kathy Seifert v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-1051

Dear Counsel:

    On April 22, 2011, the Plaintiff, Kathy Seifert, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Seifert filed her claim for benefits on June 19, 2007, alleging disability beginning July 15, 2002. (Tr. 93). Her claims were denied initially on January 15, 2008, and on reconsideration on March 26, 2008. (Tr. 50-53, 55-56). A hearing was held on June 2, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 19-45). Following the hearing, on June 30, 2009, the ALJ determined that Ms. Seifert was not disabled during the relevant time frame. (Tr. 6-18). The Appeals Council denied Ms. Seifert's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Seifert suffered from the severe impairments of depression, obesity, bilateral knee pain due to osteoarthritis and degenerative joint disease, asthma, and a substance abuse disorder in remission. (Tr. 11). Despite these impairments, the ALJ determined that Ms. Seifert retained the residual functional capacity ("RFC") "to perform the full range of sedentary unskilled work as defined in 20 CFR 416.967(a)." (Tr. 12). Without hearing testimony from a vocational expert ("VE"), the ALJ used the Medical-Vocational Guidelines to determine that Ms. Seifert could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 17-18).

    Ms. Seifert presents three primary arguments on appeal: (1) that the ALJ erroneously assessed her RFC; (2) that the ALJ erroneously made an adverse credibility assessment; and (3) that the ALJ improperly applied the Medical-Vocational Guidelines in light of her non-exertional

limitations. Each argument lacks merit.

Ms. Seifert's challenge to her RFC has four subparts. First, she contends that the ALJ failed to include any mental limitation in her RFC. That argument lacks merit, because the ALJ expressly determined that Ms. Seifert's mild to moderate mental limitations warranted a restriction to unskilled work. (Tr. 16). The ALJ made that determination after a detailed review of the records from treating nurse practitioner Susan Shafer, consultative examiner Dr. Lindsey, and state medical consultant Dr. Moore. (Tr. 15-16). The records do not establish that any limitation other than the restriction to unskilled work is necessary to address any functional impairments.

Second, Ms. Seifert argues that the ALJ erred in his consideration of her environmental limitations. While I agree that the ALJ appears to have omitted an environmental restriction from his RFC determination, the error is harmless. Specifically, the ALJ found that, "Ms. Shafer also opined that the claimant can never be exposed to environmental hazards, which I find persuasive in light of the claimant's history of asthma." (Tr. 15). The ALJ subsequently failed to include that restriction in the RFC, which permitted the "full range of sedentary unskilled work." (Tr. 12). The error is harmless, however, because the inclusion of the environmental restrictions would not have altered the outcome of the case or precluded reliance on the Medical-Vocational Guidelines. *See* SSR 96-9p, 1996 WL 374185, at *9 ("[F]ew occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards.... Even a need to avoid all exposure to these conditions would not, by itself, result in a significant erosion of the occupational base."); *cf.* SSR 83-14, 1983 WL 31254, at *4 (noting that the exclusion of outdoor jobs from the sedentary occupational base, due to allergy, is an example of a vocationally insignificant environmental restriction). Remand is therefore unwarranted.

Third, Ms. Seifert submits that the ALJ failed to consider adequately the opinion of the state agency consultant, Dr. C. B. Moore. Ms. Seifert is correct that Dr. Moore checked nine "moderate limitations" in Section I of the opinion, and that the ALJ did not include all nine limitations in her RFC. (Tr. 312-13). However, the relevant portion of Dr. Moore's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Section III of Dr. Moore's opinion comports with the ALJ's findings of mild to moderate limitations in social functioning and concentration, persistence and pace. (Tr. 16, 314). The ALJ adequately addressed those issues with the limitation to unskilled work.

Fourth, Ms. Seifert contends that the ALJ failed to provide a "more detailed" assessment of her capacity to perform the mental demands of work while assessing her RFC. Pl. Mot. 8-11.

Ms. Seifert's argument consists entirely of boilerplate, with the exception of a single, unexplained transcript citation on pages 10-11 to Dr. Moore's Mental Residual Functional Capacity (MRFC) form indicating that Ms. Seifert has nine areas of moderate limitation. (Tr. 312-13). Ms. Seifert provides no analysis of how a "more detailed" assessment of that form, or of any other evidence, might have resulted in a different outcome. The ALJ's RFC determination provides substantial evidence to support his assessment that Ms. Seifert would be capable of unskilled employment from a mental health perspective. (Tr. 15-16).

Ms. Seifert's next primary argument is that the ALJ erred by making an adverse assessment of her credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as the limiting effects of an impairment. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. Although the ALJ could have provided a more detailed explanation in conjunction with his paragraph discussing the credibility finding, the ALJ's opinion in total contains substantial evidence to support the adverse credibility assessment. For example, the ALJ noted that Ms. Seifert's physicians had recommended that she increase, not decrease, her activity to help with her knee pain. (Tr. 14) Moreover, the ALJ noted that even during many of her medical visits for knee pain, Ms. Seifert presented with normal gait. *Id.* The other evidence of record, including Ms. Seifert's reported activities of daily living and the numerous references to her normal gait, contradict Ms. Seifert's testimony that she is restricted to "lying down" for about six daytime hours. (Tr. 39, 112-115, 140-42, 295). Because the ALJ supported the adverse credibility determination in Ms. Seifert's case with substantial evidence, remand is not appropriate.

Ms. Seifert's final contention is that the ALJ erred by relying upon the Medical-Vocational Guidelines, rather than obtaining VE testimony. As a general matter, the Fourth Circuit has ruled that where a claimant "demonstrates the presence of nonexertional impairments," the Commissioner must use expert vocational testimony, rather than relying on the Medical-Vocational Guidelines. *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir. 1983). However, over time the broad language of *Grant v. Schweiker* has been read somewhat more narrowly. As set forth by this Court in *Mackall v. Astrue*:

> [t]he mere presence of nonexertional impairments does not, *per se,* preclude application of the Medical-Vocational Guidelines, as nonexertional limitations rise to the level of nonexertional impairments and preclude the use of the Guidelines only when the limitations are significant enough to prevent a wide range of gainful activity at the designated level. Not every non-exertional impairment precludes reliance on the grids.

No. 1:08-cv-03312-PWG, 2010 WL 3895345, at *1 (D. Md. Sept. 30, 2010) (citations omitted). Here, there was substantial evidence from which the ALJ could properly find that Ms. Seifert's

limitations were not "significant enough to prevent a wide range of gainful employment" in unskilled work at the sedentary levels. *Mackall,* 2010 WL 3895345, at *1. As discussed above, Ms. Seifert's environmental limitations do not significantly erode the occupational base. Her mental health limitations are addressed by the restriction to unskilled work, which is inherently included in the Medical-Vocational Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b) (stating that jobs in the Medical-Vocational Guidelines are unskilled). No further nonexertional impairments are evident from the record. As a result, reliance on the Medical-Vocational Guidelines was proper.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                      Sincerely yours,

                                      /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge